Argued and submitted May 3, reversed and remanded June 3, 2021

BRADFORD SCOTT STEWART,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A170529

492 P3d 1283

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision classifying him as a Level 3 sex offender using the Static-99R risk assessment tool. Petitioner contends that the board made multiple mistakes in its use and scoring of the Static-99R, which raised his sex offender classification level, including a mistake in finding that it is more likely than not that petitioner had committed certain offenses for which the charges were dismissed. *Held*: The board erred in concluding that petitioner had more likely than not committed the offenses underlying the dismissed charges. Nothing in the record could refute petitioner's claim that the charges were dismissed because officials had located the true perpetrator. Therefore, the board's finding was not supported by substantial evidence.

Reversed and remanded.

Brett J. Allin, Deputy Public Defender, argued the cause for petitioner. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher Page, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

## LAGESEN, P. J.

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision classifying him as a Level 3 sex offender. The board classified petitioner using the Static-99R risk assessment tool that the board adopted to implement its statutory obligation to "adopt by rule a sex offender risk assessment methodology for use in classifying sex offenders." ORS 163A.100; *see* OAR 255-085-0020 (adopting Static-99R "actuarial instrument" to classify sex offenders); *see also Baker v. Board of Parole*, 305 Or App 814, 816-18, 473 P3d 83, *rev den*, 367 Or 290 (2020) (describing board's adoption and use of the Static-99R to classify sex offenders). In seven assignments of error, petitioner contends that the board made multiple mistakes in its use and scoring of the Static-99R. For the reasons that follow, we reject all but his sixth and seventh assignments of error, in which we conclude that the board's finding that it is more likely than not that petitioner had committed certain offenses for which the charges were dismissed is not supported by substantial evidence in the record as a whole.

Petitioner was convicted of misdemeanor indecent exposure in California in 2012 and required to register as a sex offender in that state. Because of that, when petitioner moved to Oregon in 2018, he was required to register as a sex offender, and the board was required to classify him using the methodology adopted under ORS 163A.100. ORS 163A.105(4)(a). To that end, the board sent petitioner a questionnaire, which petitioner completed. On that form, petitioner noted his offense of registration—the 2012 indecent exposure conviction—and also that he had been charged with indecent exposure in 2004. He explained that, also in 2004, he "was falsely charged * * * and imprisoned for a sex offense (major case) in Sacramento, CA, [around] Nov[ember]-December 2004! But the case was dismissed because they caught the right person. It was actually Burglary/sex offense case. Again I wasn't involved in this crime just falsely accused and imprisoned!"

After receiving petitioner's information and collecting information on his criminal history, the board gave petitioner a score of 6 on the Static-99R, which, under the

board's rules, meant that petitioner had to be classified as a Level 3, high-risk sex offender. In so doing, the board did not take into account petitioner's completion of sex-offender treatment in California, and also did not take into account petitioner's offense-free time since being released from incarceration on his misdemeanor conviction. The board did, however, score petitioner as having committed the offenses for which the charges had been dismissed, and for which petitioner claimed that another person had been caught. Petitioner requested review, contesting, among other things, the board's reliance on the charges that had been dismissed in Sacramento Case No. 04F10942, and on which petitioner claimed innocence. He also contended that the board should have taken into account the fact that he had successfully completed sex-offender treatment in California, and that the board erroneously scored an item relating to his past relationships.

The board rejected those contentions and, ultimately, increased petitioner's Static-99R score to a 7, which meant that he remained classified as a Level 3 sex offender. Addressing petitioner's contention that it should not have relied on the charges that were dismissed, the board determined that, for one scoring item, it was required to consider all charges. For two other scoring items, the board noted that it was permitted to rely on the dismissed charges if it determined that it was more likely than not that petitioner had committed the crimes charged. Based on the police reports and the fact that petitioner had been "formally charged," it concluded that "it is more likely than not that a crime was committed." Responding to petitioner's contention that it should have considered his sex-offender treatment, the board explained that "[t]his matter was not considered at this time as it is outside the scope of this review."

Petitioner thereafter petitioned for judicial review of the board's decision, as allowed by ORS 144.335(1). He raises seven assignments of error. We address them in turn. The upshot is that we ultimately conclude, as petitioner argues in his sixth and seventh assignments of error, that the board erred when it relied on the dismissed charges in scoring Items 8 and 9 on the Static-99R, because the record as a whole does not contain substantial evidence to support

the board's finding that petitioner more likely than not committed the crimes underlying the dismissed charges. We otherwise affirm.

In his first three assignments of error, which petitioner supports with a combined argument, petitioner contends that (1) the board erred in determining that he was a Level 3 sex offender; (2) the board erred when it did not consider his offense-free time post-release in scoring the Static-99R; and (3) the board erred when it did not take into account his completion of sex-offender treatment. As we understand his arguments, petitioner's first assignment of error is linked to, and largely dependent on, his second and third assignments of error, the gravamen being that, in petitioner's view, the board should take into account post-release conduct when scoring the Static-99R for an offender who, like petitioner, has moved to Oregon after having been free in the community for some period of time. The board responds that petitioner neither exhausted nor preserved his first two assignments of error, and notes that, to the extent we might be inclined to relax the exhaustion requirement, *see Tuckenberry v. Board of Parole*, 365 Or 640, 655-56, 451 P3d 227 (2019) (discussing circumstances allowing for relaxation of statutory exhaustion requirement), petitioner did not request plain-error review in his opening brief. The board also argues that petitioner is wrong on the merits. As for the third assignment of error, which the board acknowledges is exhausted and preserved, the board points out that the Static-99R scoring guide makes consideration of any sex-offender treatment discretionary with the board.

We agree with the board that petitioner neither exhausted nor preserved his first two assignments of error. Even if we were to conclude that the exhaustion requirement should be relaxed under *Tuckenberry*, such that only preservation-of-error principles were in play, neither of the first two assigned errors is "obvious and not reasonably in dispute" so as to qualify as plain error. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences.").

As for the third assignment of error, we review for legal error the board's interpretation of the Static-99R Coding Rules. *Baker*, 305 Or App at 818-19. The Static-99R Coding Rules provide that treatment should not be considered as part of the scoring. Phenix *et al*, *Static-99R Coding Rules*, 8 (rev ed 2016), *available at* https://www.oregon.gov/bopps/Documents/Exhibits/ExhibitQ2.pdf (accessed May 26, 2021) (the Coding Rules); *see* OAR 255-085-0020(2). Specifically, they state, "Participation in treatment is not considered in scoring Static-99R or in interpreting the normative data for the scale." Coding Rules at 8. They provide further that treatment is something that evaluators "may" want to mention, although it is not relevant to scoring, stating, "We therefore recommend that evaluators may want to comment on treatment participation in their reports, but this discussion should be external to the Static-99R assessment." *Id*. For that reason, the board did not err when it did not take into account petitioner's treatment in scoring his Static-99R. *See, e.g.*, *Baker*, 305 Or App at 822 (board did not err by not taking into account information that Coding Rules provided was discretionary to consider). To the extent petitioner also argues that the board's handling of his treatment is not supported by substantial reason, we reject that contention without additional discussion.

We turn to petitioner's remaining assignments of error, each of which challenges the board's scoring of a distinct item on the Static-99R. In the main, we understand petitioner to argue that the board's scoring is not supported by substantial evidence. *See* ORS 183.482(8)(c) (providing for substantial evidence review of agency orders). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Petitioner's fifth assignment of error appears to challenge the board's interpretation and application of the coding rules, so we review that one for legal error. *Baker*, 305 Or App at 818-19.

In the fourth assignment of error, petitioner argues that the board's scoring of Item 2 is not supported by substantial evidence. Having considered the record and the arguments, we reject that contention without further discussion.

In the fifth assignment of error, petitioner contends that the board erred in relying on the dismissed charges in Sacramento Case No. 04F10942 in scoring Item 5, in view of his claim that another person committed those crimes. But, as the board points out—and petitioner acknowledges—the Coding Rules require the counting of dismissed charges for Item 5 without any consideration of the factual basis for the charges or the likelihood that the person committed them. Coding Rules at 63-67. In view of that directive, the board's counting of the dismissed charges for purposes of Item 5 was not in error.

Finally, in the sixth and seventh assignments of error, petitioner again challenges the board's reliance on his dismissed charges in scoring Items 8 and 9. To rely on the dismissed charges in scoring those items, the board was required to find that it was more likely than not that petitioner committed the crimes. Coding Rules at 75-77. In this case, the board found, based on the information contained in the police reports that led to petitioner's arrest on the charges, as well as the fact that charges were filed, that it was more likely than not that petitioner committed the charged offenses.

That finding is not supported by substantial evidence when, as required by ORS 183.482(8)(c), the whole record is taken into account. "'Whole record' review requires us to consider whatever evidence the record may contain that would detract from, as well as support, the agency's order." *Cole/Dinsmore v. DMV*, 336 Or 565, 584, 87 P3d 1120 (2004).

Here, on the point in question, the whole record consists of the police reports describing the chain of events that led to petitioner's arrest and the charges against him; a printout of court records showing that the charges were dismissed without any indication of the grounds for the dismissal; and petitioner's unrebutted representation that the charges were dismissed because the true perpetrator was apprehended. On that evidence, considered as a whole, the board's finding that it is more likely than not that petitioner is the one who committed the charged offenses is not one a reasonable person could make.

We agree, as the board argues, that a reasonable person could find from the police reports that it was more likely than not that petitioner committed the charged offenses—if that evidence was the only relevant evidence the record contained. Although the case against petitioner laid out by the reports is largely circumstantial, having reviewed them, it would not be unreasonable to find that the circumstances identified in them would allow a reasonable person to find that petitioner was the perpetrator of the identified offenses. We also do not doubt that, in some instances, police reports may be sufficient to allow a reasonable person to find that an offender more likely than not committed a dismissed charge where, for example, a charge is dismissed as part of a negotiated plea bargain, or because a key witness does not show up at trial.

The problem here—what makes the board's exclusive reliance on the police reports unreasonable—is that the charges were dismissed and the only explanation in the record for the dismissal is that officials located the true perpetrator, who was someone other than petitioner. Although petitioner's statement about the reasons for the dismissal could be characterized as self-serving, the fact remains that nothing in the record contradicts it or provides rational grounds for discrediting it,[1] although the basis for the dismissal of the charges is something that typically would be objectively verifiable, had the board questioned petitioner's representation. Faced with information that charges had been dismissed because police had determined that a different person had committed a crime, it is not reasonable to disregard that information and base a decision solely on predismissal facts. At a minimum, for a reasonable person to find that petitioner more likely than not committed the offenses underlying the dismissed charges in this case,

_____

[1] The police reports do not provide a reasonable basis for discrediting petitioner's representation about the basis for the dismissal both because they are silent as to what transpired between petitioner's arrest and the dismissal of the charges, so they do not contradict petitioner's assertion, and because of the circumstantial nature of the case, some of which points away from petitioner being the perpetrator, some of which points toward him being the perpetrator. That is especially so under the circumstances of this case, where the board's apparent decision to discredit petitioner's representation about another person committing the crime was based entirely on a paper record and did not involve any demeanor-based credibility determinations.

notwithstanding the dismissal, the whole record would need to contain some additional evidence tending to suggest that the dismissal of the charges had nothing to do with another person being identified by officials as the true perpetrator— that is, some affirmative evidence that would make it reasonable to continue to rely on the circumstantial case in the police reports, notwithstanding the fact that subsequent events led to the dismissal of the charges. To conclude otherwise would stand, potentially, for the proposition that it can be reasonable to find that a person more likely than not committed the same, undisputedly single-perpetrator offense that a different person was found beyond a reasonable doubt to have committed, without calling into question the convicted person's guilt. That proposition, which would appear to countenance as reasonable the possibility of the American justice system simultaneously treating more than one person as accountable for the same, undisputedly single-perpetrator offense, is not one we think tenable.

Accordingly, we conclude that the board's scoring of Items 8 and 9 is not supported by substantial evidence and, for that reason, reverse and remand to the board. ORS 183.482(8)(c) (requiring court to "set aside or remand the order" upon a determination that it is not supported by substantial evidence).

Reversed and remanded.