***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 9, affirmed June 22, 2023

BRADFORD S. STEWART,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A177063

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner has a 2012 conviction for a misdemeanor sexual offense in California. When he moved to Oregon, he was required to register as a sex offender. When he did so, the Board of Parole and Post-Prison Supervision (BOPPS) conducted a risk assessment pursuant to ORS 163A.100[1] and OAR 255-085-0020 (adopting Static-99R "actuarial instrument" to classify sex offenders), and classified petitioner as a Level 3 sex offender. Petitioner challenged the determination. In *Stewart v. Board of Parole*, 312 Or App 32, 492 P3d 1283 (2021) (*Stewart I*), we concluded that the record lacked substantial evidence to support the scoring of two specific items of petitioner's Static-99R, and we reversed and remanded the board's order. In that opinion, we rejected other contentions by petitioner: that BOPPS erred in failing to consider petitioner's offense-free time post-release in scoring the Static-99R, *id.* at 35; that BOPPS erred in not taking into account petitioner's completion of sex-offender treatment, *id.* at 36; that BOPPS's scoring of Item 2 was not supported by substantial evidence, *id.*; and that BOPPS erred in relying on dismissed charges. *Id.* at 37.

On remand, BOPPS reevaluated the two items that we determined in *Stewart I* were not supported by substantial evidence and determined that petitioner's risk assessment required a classification of Level 2. Petitioner raised two different objections to the scoring, both of which *Stewart I* had previously rejected: that BOPPS had erred in failing to take into account petitioner's offense-free time post-release and erred in taking into consideration charges that had been dismissed. BOPPS notified petitioner that it would

---

[1] ORS 163A.100 provides:

"The State Board of Parole and Post-Prison Supervision shall, in consultation with community corrections agencies, adopt by rule a sex offender risk assessment methodology for use in classifying sex offenders. Application of the risk assessment methodology to a sex offender must result in placing the sex offender in one of the following levels:

"(1) A level one sex offender who presents the lowest risk of reoffending and requires a limited range of notification.

"(2) A level two sex offender who presents a moderate risk of reoffending and requires a moderate range of notification.

"(3) A level three sex offender who presents the highest risk of reoffending and requires the widest range of notification."

not address those issues, because it considered the scope of its remand to be limited to a reevaluation of the two specific items that we had identified as deficient in *Stewart I*. Petitioner did not challenge BOPPS's explanation as to the scope of the remand.

Petitioner now seeks judicial review of the BOPPS order, asserting in his first assignment of error that our remand, "Reversed and remanded[,]" meant that the case was remanded for BOPPS to consider anew its determination of petitioner's classification. He contends that BOPPS erred in failing to consider his arguments in support of challenges that we previously rejected in *Stewart* as outside the scope of the remand. The state responds that petitioner did not preserve his contention relating to the scope of the remand and we therefore should not address it.

We agree that the issue of the scope of the remand was not directly raised by petitioner, but it was implicitly raised by petitioner's attempt to have BOPPS consider issues that it did not resolve on remand. We conclude, however, that the remand did not provide an opportunity for petitioner to relitigate before BOPPS issues that he could have raised or that he did raise in his first petition for judicial review. Although the text of the disposition, "Reversed and remanded[,]" was general, the text of the opinion in *Stewart I* makes clear that the scope of the remand was to reconsider only those aspects of the initial determination that we concluded in *Stewart I* were not supported by substantial evidence. *See State v. Hightower*, 368 Or 378, 387, 491 P3d 769 (2021) (lower court's authority on remand "constrained not only by the express order of the appellate court's remand, but also by its implied directive when considered in the context of the court's entire opinion"). BOPPS correctly concluded the remand did not provide an opportunity for petitioner to relitigate the entire determination, to raise new arguments, or to raise again challenges to BOPPS's risk assessment that *Stewart I* had previously rejected.

Affirmed.