No. 577 November 8, 2023 53

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JERMAINE KEITH LEWIS-TAYLOR,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A176795

Submitted January 24, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hellman, Judge.

AOYAGI, P. J.

Affirmed.

AOYAGI, P. J.

Petitioner seeks judicial review of an August 2021 order of the Board of Parole and Post-Prison Supervision that, pursuant to ORS 163A.100 and OAR 255-085-0020(2) (Nov 25, 2020), set his sex offender notification level (SONL) at Level 3 (High). Like the petitioners in two other cases decided today, *Sohappy v. Board of Parole*, 329 Or App 28, ___ P3d ___ (2023), and *Watson v. Board of Parole*, 329 Or App 13, ___ P3d ___ (2023), petitioner contends that the board violated its own rule when it failed to account for sex-offense-free time in the community in setting his SONL. In both *Sohappy* and *Watson*, we reversed SONL orders based on the board's failure to comply with its own rule in that regard. *Sohappy*, 329 Or App at 30; *Watson*, 329 Or App at 14. This case is in a different procedural posture, however, which leads us to a different result. For the following reasons, we affirm.

The petitioner in *Sohappy* raised the issue of sex-offense-free time to the board, thus exhausting any administrative remedy. 329 Or App at 33-35. The petitioner in *Watson* did not raise the issue to the board, but, relying on *Tuckenberry v. Board of Parole*, 365 Or 640, 642, 451 P3d 227 (2019), we concluded that relaxing or setting aside the exhaustion requirement was appropriate in that circumstance. *Watson*, 329 Or App at 19-21. On the merits, assuming without deciding that we were limited to plain-error review, we held that the error qualified as plain in light of *Sohappy* and exercised our discretion to correct it. *Id.* at 26.

Here, petitioner did not raise the issue to the board, and he asks us to relax or set aside the administrative-exhaustion requirement. The board responds that, even if we were to do so, petitioner would be limited to plain-error review under *Stewart* and has not established plain error. *See Stewart v. Board of Parole*, 312 Or App 32, 35, 492 P3d 1283 (2021) ("Even if we were to conclude that the exhaustion requirement should be relaxed under *Tuckenberry*, such that only preservation-of-error principles were in play, neither of the first two assigned errors is 'obvious and not reasonably in dispute' so as to qualify as plain error."). Petitioner

contends that *Stewart* was wrongly decided[1] and that, under *Tuckenberry*, once the administrative-exhaustion requirement is relaxed or set aside, the court should simply proceed to the merits, without the limitations of plain-error review. *See Tuckenberry*, 365 Or at 642 (proceeding to regular review after relaxing the administrative exhaustion requirement); *Forbus v. Board of Parole*, 309 Or App 296, 301, 482 P3d 95 (2021) (same). We need not revisit that issue today because, under either plain-error review or regular review, petitioner's arguments would be unavailing.

Neither party has addressed which *version* of OAR 255-085-0020 the board applied in setting petitioner's SONL. However, based on the timing of the board's order, the board must have applied the version that went into effect on November 25, 2020. That version of the rule is materially different from the version that went into effect on January 10, 2020—at issue in *Watson*, 329 Or App at 14—and the version that went into effect on April 29, 2020—at issue in *Sohappy*, 329 Or App at 30-31 & n 1. In particular, the version of OAR 255-085-0020 that went into effect on November 25, 2020, contains a new subsection (6) that provides:

> "Except for classifications done under OAR 255-085-0020(5), classifying agencies shall place registrants into Notification Level 3 if an assessment under OAR 255-085-0020(2) at the time of release from the index sexual offense would place them in the highest risk category, or Notification Level 2 if an assessment under OAR 255-085-0020(2) at the time of release from the index sexual offense would place them in the moderate risk category, without considering as part of the risk assessment the reduction of risk due to time sexual offense-free in the community. For relief from registration or reclassification under ORS 163A.125, the Board shall consider the registrant's time sexual offense-free in the community after conviction in determining whether to grant a petition for relief from the registration obligation or reclassification."

OAR 255-085-0020(6) (Nov 25, 2020).

---

[1] *See State v. Civil*, 283 Or App 395, 416, 388 P3d 1185 (2017) (articulating a rigorous standard for overruling our own case law when it is "plainly wrong").

If we were to relax or set aside the exhaustion requirement and consider petitioner's arguments on plain-error review, we would affirm because the error alleged here would not qualify as "plain." Given the differences between the versions of the rule at issue in *Sohappy* and *Watson* and the version of the rule at issue in this case, the legal point on which petitioner relies is not "obvious" or beyond reasonable dispute. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements for "plain" error, including that the legal point is obvious and not reasonably in dispute). We would also affirm on regular review, because neither petitioner nor the board has addressed in their briefing the specific language of the version of OAR 255-085-0020 that went into effect on November 25, 2020. We could not meaningfully address the board's interpretation of OAR 255-085-0020(2) (Nov 25, 2020)—as petitioner's claim of error requires—without addressing OAR 255-085-0020(6) (Nov 25, 2020). The parties' arguments regarding subsection (6) are not only undeveloped but nonexistent. *See Cunningham v. Thompson*, 188 Or App 289, 297 n 2, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) ("Ordinarily, the appellate courts of this state will decline to address an undeveloped argument.").

We therefore reject petitioner's arguments on procedural grounds, without reaching the merits.

Affirmed.