No. 60　　　　　January 31, 2024　　　　　507

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

AUBERY EDWARD HAVERLY,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A176473

Submitted April 26, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Petitioner seeks judicial review of a June 23, 2021, order of the Board of Parole and Post-Prison Supervision that, pursuant to ORS 163A.100 and OAR 255-085-0020 (Nov 25, 2020), set his sex offender notification level (SONL) at Level II (Moderate). Petitioner contends that the board violated its own rule when it failed to account for sex-offense-free time in the community in setting his SONL.

We recently held that, under a previous version of OAR 255-085-0020, the board erred in failing to account for sex-offense-free time in the community in setting an offender's risk level, given the attending rules and research accompanying the assessment methodology adopted by the board. *Sohappy v. Board of Parole*, 329 Or App 28, 540 P3d 568 (2023). However, the version of the rule in effect at the time of petitioner's assessment was materially different from the version at issue in *Sohappy*, and expressly prohibited sex-offense-free time in the community from being considered. OAR 255-085-0020(6) (Nov 25, 2020); *see also Lewis-Taylor v. Board of Parole*, 329 Or App 53, 55, 540 P3d 34 (2023).

In *Lewis-Taylor*, we declined to address the merits of the petitioner's argument due to the parties' failure to address the specific language in effect at the time of the board's decision. Petitioner here failed to develop an argument in his opening brief regarding subsection (6) of OAR 255-085-0020. The state briefly advocated for the validity of subsection (6) in the answering brief. Although petitioner argues in his reply brief that the board's interpretation of subsection (6) conflicts with ORS 163A.100, other portions of the rule, and the research attending the Static-99 methodology, that argument was not raised in his opening brief or adequately developed for us to undertake an assessment of the validity of the rule. We therefore decline to address it and do not reach the merits of the issue. *State v. Murga*, 291 Or App 462, 468, 422 P3d 417 (2018) ("We have long held that arguments raised for the first time in a reply brief normally will not be considered.").

Affirmed.