No. 83          February 7, 2024          623

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

PAUL OBRAY,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A175602

Submitted October 21, 2022.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Landau, Senior Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

Petitioner seeks judicial review of a February 2021 order of the Board of Parole and Post-Prison Supervision (the board). In that order, the board applied ORS 163A.100 and OAR 255-085-0020(2) and set petitioner's sex offender notification level (SONL) at Level III, the highest level. In so doing, the board applied the version of OAR 255-085-0020 that went into effect on November 25, 2020. The rule has since been amended, but those amendments are not at issue in this review proceeding.

In his petition for judicial review, petitioner raises three assignments of error. For the reasons below, we reject petitioner's first and second assignments of error on procedural grounds. However, as to his third assignment, we conclude that the board erred in using the "Oregon Board of Parole & Post-Prison Supervision SONL - Age Chart" (Age Chart) as a means of addressing the 16 years he spent in the community without a sexual offense (sex-offense-free time). Thus, we reverse and remand.

We "review the board's order to determine whether the board erroneously interpreted a provision of law." *Sohappy v. Board of Parole*, 329 Or App 28, 35, 540 P3d 568 (2023) (citing ORS 183.482(8)(a) and ORS 144.335(3); internal quotation marks omitted). "An agency's interpretation of its own rule is entitled to judicial deference 'if that interpretation is plausible given the wording of the rule, its context, and any other source of law.'" *Sohappy*, 329 Or App at 35 (quoting *OR-OSHA v. United Parcel Service, Inc.*, 312 Or App 424, 434, 494 P3d 959 (2021)).

In his first and second assignments of error, petitioner contends that the board erred in setting his SONL classification as Level III and that the board violated its own rule when it failed to account for his 16-year sex-offense-free time in setting his SONL. Petitioner does not dispute that the board's final Static-99R score is correct. Instead, he asserts that the board erred by disregarding his time in the community without committing a sex offense and contends that the error resulted in an "artificially inflated sex offender classification level." Petitioner acknowledges that

he did not raise this issue to the board and asks us to relax or set aside the administrative-exhaustion requirement, as we have authority to do under *Tuckenberry v. Board of Parole*, 365 Or 640, 647, 451 P3d 227 (2019).

Petitioner and the board dispute the type of review we would engage in if we set aside the administrative-exhaustion requirement; specifically, they dispute whether petitioner would be limited to plain-error review under *Stewart v. Board of Parole*, 312 Or App 32, 35, 492 P3d 1283 (2021). However, we need not resolve that dispute. This case is directly controlled by *Lewis-Taylor v. Board of Parole*, 329 Or App 53, 540 P3d 34 (2023), because it involves the identical version of OAR-255-085-0020.

As we explained in *Lewis-Taylor*, 329 Or App at 55, the November 2020 version of OAR 255-085-0020 is materially different from the prior versions at issue in *Watson v. Board of Parole*, 329 Or App 13, 14, 540 P3d 20 (2023), and *Sohappy*, 329 Or App at 30-31 & n 1. In particular, the November 2020 version includes the new provision that

> "'classifying agencies shall place registrants into Notification Level 3 if an assessment under OAR 255-085-0020(2) at the time of release from the index sexual offense would place them in the highest risk category, or Notification Level 2 if an assessment under OAR 255-085-0020(2) at the time of release from the index sexual offense would place them in the moderate risk category, without considering as part of the risk assessment the reduction of risk due to time sexual offense-free in the community.'"

*Lewis-Taylor*, 329 Or App at 55 (quoting OAR 255-085-0020(6) (Nov 25, 2020)). Like the petitioner in *Lewis-Taylor*, petitioner in this case does not acknowledge or address that section of the rule. Consequently, for the same reasons that we articulated in *Lewis-Taylor*, we conclude that "under either plain-error review or regular review, petitioner's arguments would be unavailing." *Id*. We thus "reject petitioner's arguments on procedural grounds, without reaching the merits." *Id*. at 56.

In petitioner's third assignment of error, he argues that the board erred in using the Age Chart to score the first risk factor in the Static-99R risk assessment tool. *See Sohappy*, 329 Or App at 51-52; *Watson*, 329 Or App at 22. Petitioner

again acknowledges that he did not object on the same basis below and again asks that we relax or set aside the exhaustion requirements under *Tuckenberry* to correct the board's error. For the same reasons set out in *Watson*, 329 Or App at 20, we conclude that setting aside the exhaustion requirement is appropriate in this case. We thus proceed to the merits.

As we did in *Watson*, "we assume without deciding that we are limited to plain-error review" and conclude that the board committed plain error. *Id.* at 21. Our well-established plain error standard indicates that an error is plain when it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Here, the board applied the Age Chart rather than scoring petitioner on the Static-99R in accordance with the board's rule. The failure of the board to follow its own rule was legal error, apparent on the record. *See Watson*, 329 Or App at 21. Further, to discern "whether the legal point is obvious and not reasonably in dispute, we look to the case law as it exists at the time of our appellate decision." *Id.* (citing *State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022)). In this case, *Sohappy* directly resolves the issue. In *Sohappy*, we established that "use of the Age Chart violates the Coding Rules, particularly the rule that external factors be addressed separately from the Static-99R score, rather than being added to the Static-99R score or used in any way to adjust the Static-99R score." 329 Or App at 52 (internal quotation marks omitted).

In sum, we reject petitioner's first and second assignments of error on procedural grounds. However, we agree with petitioner that the board plainly erred in using the Age Chart to score Item 1 on the Static-99R risk assessment tool. In light of "[t]he critical role that accurate risk classification plays in meeting the statutory goal of having a sex-offender registry that assists law enforcement in preventing future sex offenses, ORS 163A.045(1)," we exercise our discretion to correct the board's plain error. *Watson*, 329 Or App at 26.

Reversed and remanded.