620 February 7, 2024 No. 82

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KARL C. CULBERTSON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A174261

Argued and submitted October 21, 2022.

Marc D. Brown, Deputy Public Defender, argued the cause for petitioner. Also on the briefs were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services.

Christopher Page, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner seeks judicial review of a May 2020 order of the Board of Parole and Post-Prison Supervision (the board). In that order, the board applied ORS 163A.100 and OAR 255-085-0020 and set petitioner's sex offender notification level (SONL) at Level III, the highest level. In his petition for judicial review, petitioner asserts three assignments of error, contending that the board erred in setting his SONL classification as Level III; in failing to factor in the time that petitioner has been in the community without committing a new sex offense in determining his final SONL; and in using the "Oregon Board of Parole & Post-Prison Supervision SONL - Age Chart" as a means of addressing his sex-offense-free time in the community. For the following reasons, we affirm.

When an administrative rule has materially changed over time, resolution of a rule-based challenge depends upon which version of the rule the board applies. Such is the case with OAR 255-085-0020. Thus, the version of OAR 255-085-0020 that the board applied, or should have applied, is a critical issue in this case. *See, e.g.*, *Lewis-Taylor v. Board of Parole*, 329 Or App 53, 540 P3d 34 (2023) (applying November 25, 2020, version); *Sohappy v. Board of Parole*, 329 Or App 28, 540 P3d 568 (2023) (applying April 29, 2020, version); *Watson v. Board of Parole*, 329 Or App 13, 540 P3d 20 (2023) (applying January 10, 2020, version).

We do not reach which version of OAR 255-085-0020 applies in this case, however, because in petitioner's opening brief, we cannot discern which version he is applying, nor does he present an argument about which version the board did or should have applied. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the *opening brief* in accordance with this rule ***." (Emphasis added.)). In petitioner's opening brief, to establish preservation, he quotes excerpts from his written objections to the board's order which appear to refer to a version of OAR 255-085-0020 that predates the version that took effect on November 25, 2020. Petitioner also directly quotes the board's June 2020 "Recommendation

of Final Sex Offender Notification Level Classification" in which the board explicitly stated that it was applying a 2017 version of OAR 255-085-0020. Despite these references to other versions, petitioner includes the version of the rule that took effect on November 25, 2020, in his appendix. Further complicating matters is that all of the 2017 versions of OAR 255-085-0020 were materially different from the November 2020 rule. *See Lewis-Taylor*, 329 Or App at 55 (explaining that the November 25, 2020, version of OAR 255-085-0020 is materially different than prior versions because it contains a new subsection (6)).

In its answering brief, the board disputes which version of OAR 255-085-0020 applies in petitioner's case. Petitioner's explicit argument that the version in place on the date of his March 2, 2020, Static-99R evaluation controls is first raised in his reply brief. We have established that "[w]e generally do not consider arguments raised for the first time in a reply brief," and there is no reason for us to depart from our standard practice in this case. *State v. Bordeaux*, 323 Or App 60, 72 n 5, 522 P3d 900 (2022), *rev den*, 371 Or 60 (2023) (citing *State v. Murga*, 291 Or App 462, 468, 422 P3d 417 (2018)); *see also Ailes v. Portland Meadows, Inc.,* 312 Or 376, 380, 823 P2d 956 (1991) (explaining that where an issue was not raised in the opening brief, the opposing party "had no opportunity to submit a written response to [the] plaintiff's * * * argument and, thus, the Court of Appeals did not have the benefit of such written response"). Therefore, because petitioner did not present this critical issue in his opening brief, we do not reach the merits of petitioner's arguments. *Cf. Lewis-Taylor*, 329 Or App at 56 (explaining that we would affirm where parties' arguments about the version of OAR 255-085-0020 that applied in the petitioner's case were insufficiently developed).

Affirmed.