414 October 9, 2024 No. 716

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

AUBERY EDWARD HAVERLY,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A176473

On petitioner's motion for relief from default and motion for extension of time to file petition for reconsideration and second petition for reconsideration filed July 25, 2024. Opinion filed January 31, 2024. 330 Or App 507.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the motions and petition.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reconsideration allowed; former opinion and disposition withdrawn; reversed and remanded.

**SHORR, P. J.**

Petitioner petitions for reconsideration of our decision in *Haverly v. Board of Parole*, 330 Or App 507 (2024) (nonprecedential memorandum opinion), in which we affirmed the order of the Board of Parole and Post-Prison Supervision that set petitioner's sex offender notification level (SONL) at Level 2 (Moderate). Petitioner filed a motion for relief from default and extension of time to file a second petition for reconsideration. We exercise our discretion to grant the extension of time and permit the filing of the second petition.[1] For the reasons explained below, we allow the petition, withdraw our former opinion and disposition, and reverse and remand.

Petitioner petitions for reconsideration because there has been a change in the case law since the original decision was issued. ORAP 6.25(1)(d). In *Thomsen v. Board of Parole*, 333 Or App 703, 333 P3d 703 (2024), we held invalid OAR 255-085-0005 and OAR 255-085-0020, the board's rules directing that an offender's SONL be assessed as of the time of their release from the index offense, without considering time offense-free in the community. We concluded that those rules were contrary to ORS 163A.100, which we have interpreted as requiring classification to be based on the risk of reoffending at the time of the assessment. *Thomsen*, 333 Or App at 705. *See also Sohappy v. Board of Parole*, 329 Or App 28, 46, 540 P3d 568 (2023) (discussing in detail Oregon's sex offender registry and studies showing that sex-offense-free time in the community reduces the risk for recidivism).

Petitioner was released from his index offense in 2005. In 2021, in his first SONL classification, he was classified at Level 2 (Moderate). The classification was conducted under the rules that did not take into account his 16 years in the community without committing another sex offense. Petitioner asserts that if his offense-free time were to be considered, he would be classified at Level 1, and would be immediately eligible to petition for relief from reporting,

---

[1] The state has not taken a position on the motions or the second petition for reconsideration.

pursuant to ORS 163A.125(1)(a) and (c).[2] Because the framework under which petitioner was initially classified has been deemed invalid, and petitioner may be entitled to immediate relief from reporting, we conclude that the interests of justice require reversal and remand for reclassification.

       Reconsideration allowed; former opinion and disposition withdrawn; reversed and remanded.

---

[2] Petitioner was reclassified from Level 2 to Level 1 in November 2021, pursuant to ORS 163A.125(2)(c). Under that separate decision, he would not be eligible to petition for relief from reporting until five years after the reclassification, in 2026. ORS 163A.125(1)(c)(B).