630 December 4, 2024 No. 882

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KARL C. CULBERTSON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A174261

On petitioner's petition for reconsideration filed October 15, 2024. Opinion filed February 7, 2024. 330 Or App 620 (2024).

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc Brown, Deputy Public Defender, Oregon Public Defense Commission, for petition.

Before Ortega, Presiding Judge, Hellman, Judge, and Landau, Senior Judge.

HELLMAN, J.

Reconsideration allowed; former opinion and disposition withdrawn; reversed and remanded.

**HELLMAN, J.**

Petitioner petitions for reconsideration of our decision in *Culbertson v. Board of Parole*, 330 Or App 620 (2024) (nonprecedential memorandum opinion), *rev den*, 372 Or 763 (2024), in which we affirmed the order of the Board of Parole and Post-Prison Supervision (the board) that set petitioner's sex offender notification level (SONL) at Level III, the highest level. After we denied petitioner's first petition for reconsideration and the Supreme Court denied review, petitioner filed a motion for relief from default and extension of time to file a second petition for reconsideration. We granted petitioner's motion. For the reasons explained below, we allow the petition, withdraw our former opinion and disposition, and reverse and remand.

Petitioner petitions for reconsideration under ORAP 6.25(1)(d), which provides that a party may base a petition for reconsideration on "[a] claim that there has been a change in the statutes or case law since the decision of the Court of Appeals." In *Thomsen v. Board of Parole*, 333 Or App 703, 704, 554 P3d 308 (2024), we considered OAR 255-085-0005 and OAR 255-085-0020, which directed agencies to assess an offender's SONL "at the time of their release from their index offense" without considering time offense-free in the community. We concluded that those rules were invalid because "the board's methodology for initial classification of an individual's SONL does not measure what the legislature has charged it with measuring under ORS 163A.100 (*i.e.*, present risk), but instead measures the registrant's risk as it was at the time of their release from their index offense[.]" *Id.* at 715 (internal quotation marks omitted); *see also Sohappy v. Board of Parole*, 329 Or App 28, 36-45, 540 P3d 568 (2023) (discussing in detail Oregon's sex offender registry and studies showing that sex-offense-free time in the community reduces the risk for recidivism).

Petitioner was released from his index offense in 1999 and the board conducted petitioner's first SONL classification in 2017. The board conducted that classification under rules that did not take into account his time in the community without committing another sex offense. Because the framework under which petitioner was initially

classified has been deemed invalid, we conclude that the interests of justice require reversal and remand for completion of a new assessment and classification.

Reconsideration allowed; former opinion and disposition withdrawn; reversed and remanded.